UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS H. DIGGS | : | NO.: 3:02CV1628 (GLG) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MANCHESTER; | : | |
| STEVEN WERBNER, Deputy General | : | |
| Manager; THOMAS WEBER, Fire Chief; | : | |
| ROBERT BYCHOLSKI, Assistant Fire | : | |
| Chief, IN THEIR INDIVIDUAL AND | : | |
| OFFICIAL CAPACITY AND | : | |
| LOCAL 1579 IAFF, DAVID M. MAYER, | : | |
| President | : | NOVEMBER 24, 2003 |

**<u>DEFENDANTS' OBJECTION/REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

The defendants, Town of Manchester, Steven Werbner, Thomas Weber, and Robert Bycholski, hereby submit this objection/reply to the plaintiff's memorandum of law in opposition to defendant's motion for summary judgment dated November 14, 2003.

**I.    <u>The Plaintiff's November 14, 2003 Memorandum In Opposition To The Motion For Summary Judgment Filed By These Defendants Is Untimely</u>.**

These defendants moved for summary judgment as to the plaintiff's complaint in its entirety on July 15, 2003.  The plaintiff filed a memorandum in opposition to the motion on August 22, 2003.  These defendants filed a reply memorandum of law in support of their motion for summary judgment on September 8, 2003.  On August 27, 2003, the codefendants, Local 1579 IAFF and David M. Mayer, filed a motion for summary judgment.  The plaintiff immediately sought and obtained an extension of time

to respond to the union defendants' motion for summary judgment. The plaintiff subsequently moved for, and was granted, two additional extensions of time. The plaintiff filed a document titled "memorandum of law in opposition to defendant's motion for summary judgment" on November 17, 2003.

According to the civil docket sheet for this case, the plaintiff's memorandum in opposition is directed at both motions for summary judgment - the motion filed by these defendants on July 15, 2003 and the motion filed by the union defendants on August 27, 2003. These defendants object to the plaintiff's memorandum of law to the extent, if any, it is directed at the motion for summary judgment filed by these defendants. The plaintiff had already filed a memorandum in opposition to these defendants' motion for summary judgment, and the requests for extension of time were sought only to respond to the union defendants' motion.

Further, these defendants object to the plaintiff's memorandum in opposition on the ground that the plaintiff waived any right to submit a written response to these defendants' motion for summary judgment as to the claims of conspiracy and intentional infliction of emotional distress. In the plaintiff's original memorandum in opposition, the plaintiff did not contest the following:

    i.    The individual defendants are entitled to qualified immunity with respect to the plaintiff's 42 U.S.C. §1985 (conspiracy) claim;

    ii.    The Town of Manchester and the individual defendants are entitled to summary judgment as to the plaintiff's 42 U.S.C. §1985 (conspiracy) claim as a matter of law; and

    iii.    The Town of Manchester is entitled to governmental immunity as to the plaintiff's claim of intentional infliction of emotional distress.

The plaintiff cannot now for the first time submit a memorandum in opposition to these defendants' motion for summary judgment as to these claims.

**II.    The Defendants Are Entitled To Summary Judgment As To The Plaintiff's Claim Of Conspiracy Pursuant To 42 U.S.C. §1983.**

As set forth previously, the plaintiff has failed to set forth any evidence that the Town of Manchester had a custom or policy that resulted in the deprivation of his civil rights. As such, his claim against the Town must fail. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, (1978). Similarly, the individual defendants are entitled to qualified immunity for the reasons set for the in the defendant's prior memorandum.

In addition, the plaintiff's claim against each of these defendants should fail because the plaintiff has failed to set forth any evidence that he was deprived of a right guaranteed by the Constitution or by statute. The plaintiff has likewise failed to set forth evidence of discriminatory racial animus. See Brown v. City of Oneota, NY, 221 F.3d 329, 341 (2nd Cir. 2000). Conversely, the defendant has submitted evidence to show that the plaintiff was not treated differently than similarly situated employees.

The plaintiff argues that the reasons proffered by the Town as a basis for terminating the plaintiff's employment on January 25, 2001 are untrue, but the plaintiff has failed to submit any *evidence* that calls into question the legitimacy of those reasons. Plaintiff's counsel states that the plaintiff signed a form authorizing Dr. Selig access to *all* of the plaintiff's mental health records, but provides no evidence to support such statement. On the contrary, the release signed by the plaintiff authorized Dr. Selig to obtain *only* those records in the possession of Joanne Cannon. See Authorization,

attached as **Exhibit A**. The plaintiff testified at his deposition as follows:

> Q. Subsequent to seeing Dr. Selig, you were notified that Dr. Selig needed additional psychiatric records?
> A. Eventually, yes.
> Q. And did you comply with that request?
> A. No.
> …
>
> Q. So let me show you what's been marked Defendant's Exhibit 13 and Defendant's Exhibit 14. They are both letters from Steve Werbner dated December 19, 2000 and December 29, 2000, respectively and both letters are indicating that -
> A. Selig needs more information.
> Q. Exactly. Dr. Selig needs more information. Have you seen those documents?
> A. I'm sure.
> …
> Q. Did you after receipt of these letters, provide the records and/or release requested?
> A. After receiving these, no. I gave him a release earlier.
> Q. Okay.
> A. And I didn't give him any more releases.
> …
>
> Q. Do you think Dr. Selig was ever provided any record from the Institute of Living?
> A. No, I don't.
> Q. Do you know if the release that you signed authorized Dr. Selig to get any records from the Institute of Living?
> A. Yes.
> Q. Did it say, records from Institute of Living can be provided?
> A. Not in those words, no.
> Q. Didn't the release, in fact, limit the records to Joanne Cannon?
> A. Right, and all the records she had. She had the records to that effect.
> Q. Did it limit it to any records in Joanne Cannon's possession?
> A. Right. Miss Cannon was in possession of all those records. As far as I knew, she had possession of all those records.

See Plaintiff's Deposition Transcript, pp. 136-37, 145-46, attached as Exhibit A to defendants' prior memorandum. The plaintiff's claimed release of personnel records to David Mayer, the Union president, did not afford Dr. Selig the requested medical

4

information needed for completion of the fitness for duty evaluation.  <u>See</u> Exhibit B, ¶25, attached to defendants' prior memorandum.  As such, the plaintiff was insubordinate.

Further, the plaintiff's visit or visits with Ms. Dube and a counselor with the EAP program is not evidence of compliance with the fitness for duty evaluation requirement. EAP counseling was a separate and distinct condition of the plaintiff's continued employment.  <u>See</u> Exhibit B, ¶24, and Exhibit CC, attached to defendants' prior memorandum.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in the defendants' prior memorandum of law, the defendants, Town of Manchester, Steven Werbner, Thomas Weber, and Robert Bycholski, respectfully request that the Court enter summary judgment in their favor.

    DEFENDANTS,
    TOWN OF MANCHESTER; STEVEN WERBNER, Deputy General Manager; THOMAS WEBER, Fire Chief; ROBERT BYCHOLSKI, Assistant Fire Chief, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

    By <u>/s/ Alexandria L. Voccio</u>
      Alexandria L. Voccio
      ct21792
      Howd & Ludorf
      65 Wethersfield Avenue
      Hartford, CT  06114
      (860) 249-1361
      (860) 249-7665 (Fax)
      E-mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail to the following counsel of record this 24th day of November, 2003.

Cynthia R. Jennings, Esquire
The Barrister Law Group, LLC
211 State Street, 2nd Floor
Bridgeport, CT  06604

James C. Ferguson
Ferguson & Doyle
35 Marshall Road
Rocky Hill, CT 06067-1400

/s/ Alexandria L. Voccio
Alexandria L. Voccio