FILED

Dec 10  2 27 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS H. DIGGS<br>　　Plaintiff,<br><br>V.<br><br>TOWN OF MANCHESTER, STEVEN WERBNER (DEPUTY GENERAL MANAGER); THOMAS WEBER (FIRE CHIEF); ROBERT BYCHOLSKI (ASSISTANT FIRE CHIEF) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, AND LOCAL 1579, IAFF, DAVID M. MAYER (PRESIDENT)<br>　　Defendants. | Civil No: 3:02CV1628 (GLG)<br><br><br>DECEMBER 10, 2003 |

## DEFENDANTS LOCAL 1579, IAFF AND DAVID M. MAYER REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants Local 1579, IAFF and David M. Mayer hereby submit this reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment dated November 14, 2003.

**I.  The Defendants Local 1579, IAFF and its then President David M. Mayer are entitled to summary judgment as to Counts I, II, III, IV, VI and VIII.**

The Plaintiff, in his Objection to Defendant Local 1579 and David M. Mayer's Motion for Summary Judgment, dated August 29, 2003, does not contest or present evidence or argument in support of Counts I, II, III, IV, VI or VIII. Therefore, based upon the undisputed evidence on the record, consistent with the legal standard which states: *The Court may grant a Motion for Summary Judgment when the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and the moving party is entitled to judgment as to matter of law.* The Defendants, Local 1579 and David Mayer respectfully request their Motion for Summary Judgment regarding Counts I, II, III, IV, VI, and VIII be granted.

**II.    The Defendants Local 1579 and its President David M. Mayer are entitled to summary judgment as to Count V (42 U.S.C. §1985).**

In order for the Plaintiff to recover under 42 U.S.C. §1985, the Plaintiff must prove a conspiracy to interfere with his civil rights. The four elements of §1985(3) claim are: 1) a conspiracy; 2) for the purpose of depriving either directly or indirectly any person or class of persons of equal protection of the laws or of equal privileges and immunities under the law; 3) an act and furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any rights of a citizen of the United States. Brown v. City of Oneota, NY, 221 F.3d 329, 341 (2nd Cir. 2000) In his memorandum in support of his objection to Defendants' motion for summary judgment, the Plaintiff alleges *"The Town of Manchester and Local 1579 together acted to prevent the Plaintiff from exercising his rights to equal protection of the laws*

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

2

*through continual denial of grievances, denial of employment compensation, and failure to adequately advocate for the Plaintiff."* These allegations, legal conclusions and unsupported statements are contrary to the evidence and affidavits submitted on the record concerning the facts in this case. Local 1579, for over 20 years, has represented its member, the Plaintiff Marcus H. Diggs, in a myriad of grievance and disciplinary hearings as is set forth in the Plaintiff's Memorandum in Support of its Motion for Summary Judgement as well as affidavits from its current and former president regarding representation of the Plaintiff Marcus Diggs. (Attached to Defendants' principal Memorandum in Support of its Motion for Summary Judgment) Additionally, as is referenced in the Plaintiff's Memorandum in Support of its Motion for Summary Judgment. Local 1579 and David Mayer filed a grievance concerning Plaintiff Diggs' 2001 termination and is currently defending the grievance concerning Plaintiff's 2001 termination.

Secondly, in his Memorandum, the Plaintiff continues to misrepresent the clear facts regarding Local 1579's appropriate decision not to sign a Last Chance Agreement on November 17, 2001. Contrary to the assertion on page 8 of his Memorandum in Support of his Objection to the Defendants' Motion for Summary Judgment regarding Count V, that Defendant Local 1579, IAFF's failure to sign the *"Last Chance"* offer resulted in Plaintiff's termination from the Fire Department, this is clearly untrue. Although the Town of Manchester did initially indicate that

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

3

the Plaintiff Marcus Diggs was terminated on November 17, 2000, this initial termination was immediately followed on November 21st by a letter to the Union indicating that Marcus Diggs was not terminated. (see letter attached as Exhibit 10 to the Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion for Summary Judgment).  Contrary to the baseless assertion in the Plaintiff's Memorandum that the Plaintiff could not be reinstated to his position if the Union did not sign the last chance agreement, the Union's failure to sign the last chance agreement not only did not lead to the Plaintiff's termination but additionally preserved his right to file the grievance over his subsequent termination in January of 2001.  But for the Union's proper decision in refusing to endorse the last chance agreement which would have deprived the Plaintiff of his right to pursue a grievance, the Plaintiff would not currently be engaged in a grievance arbitration before the Connecticut Board of Mediation and Arbitration concerning his termination in January of 2001.  It should also be noted that Defendant Local 1579 continues to represent the Plaintiff before the Board of Mediation and Arbitration in that proceeding.

The Plaintiff in his Memorandum of Law in Support of his Objection to Defendants' Motion for Summary Judgment regarding Count V alleges that the Union and Town of Manchester had numerous discussions outside of the Plaintiff's presence. The Plaintiff presents no factual basis for this assertion.  The only discussion that Defendant Local 1579 had concerning Plaintiff Marcus Diggs outside of his presence concerned scheduling or other

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

4

administrative matters and did not concern the substance of any dispute concerning Marcus Diggs. During the meeting of November 17th in an attempt to prevent the disciplinary action against Marcus Diggs, with Marcus Diggs' approval, President Mayer did speak to representatives of the Town and reported back to the Plaintiff Marcus Diggs the result of those discussions. Those discussions were engaged in with the approval of the Plaintiff and under his direction.

Although the party seeking summary judgment has the burden of showing there is no dispute as to material facts, the party opposing summary judgment must substantiate any adverse claim by showing there is a material issue of material fact together with evidence disclosing the existence of such issue. <u>Zichechi v. Middlesex Memorial Hospital</u>, 204 Conn. 399 402; 528 A.2d 805 (1987) The Plaintiff, in his Objection to the Defendants' Motion for Summary Judgment regarding Count V, has failed to present any genuine issue of material fact or evidence exposing the existence of such facts regarding the elements of 1985 claim. The Plaintiff has not demonstrated a conspiracy for the purpose of depriving the Plaintiff, either directly or indirectly, of equal protection of the laws, any act by Defendant Local 1579 or its then President David Mayer in furtherance of a conspiracy depriving the Plaintiff of right of a citizen of the United States; therefore, the Plaintiff's §1985 claim must be dismissed.

**III.   Defendants' Local 1579 and its then President David Mayer are entitled to summary judgment with regard to Count VII (Intentional Infliction of Emotional Distress).**

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

The Plaintiff claims intentional infliction of emotional distress as to Local 1579 and David M. Mayer, its President. To prevail on a claim of intentional infliction of emotional distress, four elements must be established. *"It must be shown: (1) that the act intended to inflict emotional distress; or that he knew or should have known that emotional distress was likely the result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the Defendants' conduct was the cause of Plaintiff's distress; and (4) emotional distress sustained by the Plaintiff was severe.* DeLaurentis v. New Haven, 220 Conn. 225 266-267, 597 A.2d 806 (1991); Petyan v. Ellis, 200 Conn. 243 253 510 A.2d 1337 (1986) With regard to the Plaintiff's allegation that Defendants Local 1579 and David Mayer are liable for intentional infliction of emotional distress, the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The Plaintiff has not substantiated any adverse claim by showing there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Zichechi v. Middlesex Memorial Hospital, 204 Conn. 399 402; 528 A.2d 805 (1987) In order to defeat a motion for summary judgment, the non-moving party must present contradictory evidence such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) @ p. 248

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS No. 401708

6

The Plaintiff has failed to present any evidence that Local 1579 intentionally inflicted emotional distress on the Plaintiff or acted in an extreme or outrageous way regarding the Plaintiff. The Plaintiff has not pled or presented evidence or affidavits in support of any of the allegations in its Memorandum in Support of its Objection to the Defendants' Motion for Summary Judgment regarding Count VII. The Plaintiff states, *"Defendants had a duty to represent the Plaintiff for issues that concern disciplinary employment actions"*. The evidence is clear that Defendant Local 1579 did and continues to represent the Plaintiff Marcus Diggs regarding disciplinary employment matters and is currently doing so before the Connecticut State Board of Mediation and Arbitration regarding his termination in January of 2001. The Plaintiff states: *"Defendant breached their duty to the Plaintiff when they failed to advocate for the Plaintiff as discussed above and acted systematically for the common objective of the Town of Manchester"*. A non-moving party may not rely on mere allegations, legal conclusions, unsupported statements, or denial of the pleadings in support of its objections to a motion for summary judgment. Celetex Corp. v. Catrett, 477 U.S. 317, 327 (1986) @ 327

The Plaintiff has not presented evidence to support the statement that Defendants breached their duty to the Plaintiff or that the Defendants failed to advocate for the Plaintiff. The record is contrary to that baseless allegation (see Defendant Local 1579's Memorandum in Support of its Motion for Summary Judgment and supporting affidavits and exhibits in support

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

7

of the undisputed fact that Local 1579 has, for over 20 years, and continues to represent Plaintiff Marcus Diggs with regard to disciplinary employment matters).

Based upon the record, Defendant Local 1579 and its President David Mayer is entitled to summary judgment with regard to Count VII of the Plaintiff's complaint.

## IV.   Conclusion

For the reasons stated herein and in the Memorandum with accompanying exhibits and affidavits contained in the Plaintiff's Memorandum in Support of its Motion for Summary Judgment, Defendant Local 1579 and its then President David M. Mayer are entitled to summary judgment with regard to each count of the Plaintiff's complaint. Therefore, Local 1579 and David M. Mayer respectfully request that the Court enter summary judgment on each count in their favor.

DEFENDANTS,
LOCAL 1579, IAFF, DAVID M. MAYER

By _____
James C. Ferguson
FERGUSON & DOYLE, P.C.
35 Marshall Road
Rocky Hill, CT 06067
Ph # (860) 529-4762
Fax # (860) 529-0339
Federal Juris #CT 03341

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS NO. 401708

8

## CERTIFICATION

This is to certify that a copy of the foregoing Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment was mailed, postage pre-paid on the 9th day of December, 2003 to the following counsel of record:

Cynthia R. Jennings, Esq.
The Barristers Law Group, LLC
211 State Street, 2nd Floor
Bridgeport, CT 06604

Alexandria L. Buford
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06614

By _____
James C. Ferguson

**FERGUSON & DOYLE, P.C.**
ATTORNEYS AT LAW
35 MARSHALL ROAD • ROCKY HILL, CONNECTICUT 06067-1400 • TEL. (860) 529-4762 • JURIS No. 401708

9